IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

DION MAURICE WOODS,            )
                               )
        Petitioner,            )
                               )
    v.                         )    CV 110-039
                               )    (Formerly CR 107-031)
UNITED STATES OF AMERICA,      )
                               )
        Respondent.            )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Dion Maurice Woods, an inmate presently confined at the Federal Correctional Institute in Edgefield, South Carolina, has filed with this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The matter is now before the Court on Respondent's motion to dismiss Petitioner's § 2255 motion (doc. no. 5), to which Petitioner has filed a response (doc. no. 11). For the reasons explained herein, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, that the instant § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

On April 11, 2007, a federal grand jury indicted Petitioner on four counts of

---

[1] Petitioner's original motion failed to specify all grounds for relief and the facts supporting each ground. (Doc. no. 1.) Therefore, Petitioner was ordered to amend his motion (doc. no. 2), which resulted in the filing of Petitioner's amended motion that is currently before the Court (doc. no. 3). Although the Court's recommendation to dismiss applies to both motions, for ease of reference, the Court will refer to these two motions as one § 2255 motion.

possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). See United States v. Woods, CR 107-031, doc. no. 1 (S.D. Ga. Apr. 11, 2007) (hereinafter "CR 107-031"). Thomas L. Cathey was appointed to represent Petitioner (see id., doc. no. 10), and pursuant to a negotiated plea agreement, Petitioner pled guilty to one count of possession with intent to distribute five grams or more of cocaine base on January 9, 2009. Id., doc. nos. 22, 23.[2, 3] At the Rule 11 colloquy, Petitioner informed the Honorable Dudley H. Bowen, Jr., United States District Judge, that he had enough time to discuss and prepare for his case with Mr. Cathey. Id., doc. no. 37, p. 4 (hereinafter "Rule 11 Tr."). Furthermore, Petitioner informed Judge Bowen that he was entirely satisfied with Mr. Cathey's preparation and his handling of Petitioner's case. Id. at 5.

Judge Bowen then proceeded to advise Petitioner of the charge in the Indictment to which he was pleading guilty and also to address the maximum statutory penalty that might be imposed in the event of Petitioner's conviction. When asked if he understood the charge and the maximum penalty that might be imposed – a prison term of not less than five years and not more than forty years, not more than a $2,000,000 fine, at least four years of supervised release, and a $100 special assessment – Petitioner responded, "Yes." Id. at 6. Following this, Judge Bowen summarized the substance of Petitioner's plea agreement.

---

[2]In exchange for Petitioner's guilty plea, the government agreed to dismiss Counts One, Two, and Three of the Indictment and not to object to a recommendation from the Probation Office that Petitioner receive up to a 2-level reduction for acceptance of responsibility under the U.S. Sentencing Guidelines. CR 107-031, doc. no. 22, pp. 2-4. Additionally, the government agreed not to seek to enhance Petitioner's sentence under 21 U.S.C. § 851, and to inform Judge Bowen of any cooperation by Petitioner so that Judge Bowen could consider whether such cooperation qualified as "substantial assistance." Id.

[3]Petitioner's plea agreement also contains a section which explains that his criminal history would be considered by Judge Bowen in determining Petitioner's sentence. CR 107-031, doc. no. 22, p. 6.

Judge Bowen stated, "[Y]ou have agreed that you would waive any right to appeal from any sentence," to which Petitioner replied, "Yes, sir." Id. at 8-9. Judge Bowen further stated:

> Now, that's a conditional waiver, however, because it says that if for any reason I sentenced you above the guideline range, you would get your right to appeal back. However, this waiver of rights to appeal gives up forever any right that you may have for [h]abeas [c]orpus or anything like that to challenge the fact of conviction. Now, those are the things that you've agreed to.

Id. at 9. Petitioner again responded, "Yes, sir." Id. Judge Bowen then asked Petitioner if the summary was in accordance with Petitioner's understanding of the plea agreement, and Petitioner responded in the affirmative. Id. at 10. Additionally, Judge Bowen asked Petitioner if anyone had given him a "guarantee, prediction, or prophesy" as to what sentence he would impose, to which Petitioner responded that no one had. Id.

Greg Meagher, a Sergeant with the Richmond County Sheriff's Office and a task force officer with the Drug Enforcement Agency, then testified to the factual basis for Petitioner's guilty plea. Id. at 11-16. Petitioner stated no objection to Sergeant Meagher's testimony. Id. at 16. Therefore, Judge Bowen accepted Petitioner's plea of guilty, which was duly entered. Id. at 18; see also CR 107-031, doc. no. 23.

The Probation Officer then prepared a Presentence Investigation Report ("PSI"). Based on Petitioner's two prior convictions for possession of cocaine with intent to distribute, Petitioner was classified as a career offender pursuant to U.S.S.G. § 4B1.1. (PSI ¶¶ 26, 32, 42.) At the sentencing hearing on March 31, 2009, Petitioner received a 3 point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, which resulted in a total offense level of 31, and an criminal history category of VI; since Petitioner was classified as a career offender, the sentencing range called for 188 - 235 months. CR 107-031, doc. no. 38, pp. 3-4, 10. He received a sentence of 204 months of imprisonment. Id. at 14.

3

Petitioner did not file a direct appeal regarding the conviction in question (doc. no. 3, p. 3.), but he filed the instant § 2255 motion in which he asserts the following claims for relief:

(1) His trial counsel was ineffective because:

    (A) counsel failed to fully inform Petitioner regarding the terms of the plea agreement, including the fact that Petitioner could be sentenced as a career offender;

    (B) Petitioner was informed and given a written promise that his prior drug convictions would not be used to enhance his sentence; and

    (C) counsel failed to seek a continuance at Petitioner's sentencing hearing in order to have an opportunity to explain that Petitioner had not agreed to a plea agreement where he would be sentenced as a career offender.

(2) He is "actually innocent" of being a career offender because:

    (A) his 1989 criminal conviction was "stale" and therefore could not be considered under U.S.S.G. § 4A1.2(e);

and that all of these failures prejudiced him by resulting in an incorrect sentence. (See doc. no. 3, pp. 5-6; doc. no. 11, pp. 2-6.) Respondent submits that Petitioner's claims are either barred by his appeal waiver, or otherwise without merit. (See generally doc. no. 5.) The Court resolves the matter as follows.

## II. DISCUSSION

### A. Effect of Waiver Contained in the Plea Agreement

#### 1. Knowing And Voluntary Nature Of Waiver

It is well-settled that a waiver of appeal[4] provision is enforceable if the waiver is

---

[4]By "appeal," the Court here refers to the right to "appeal or contest, directly or collaterally, [a] sentence." United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993). Moreover, case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. Id.; see also Vaca-Ortiz v. United States, 320 F. Supp.2d

4

knowing and voluntary. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned Petitioner about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333.

Thus, if the government meets the burden in the instant case, Petitioner's claims stated in Grounds 1C and 2A are barred from review.[5] See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

Here, the plea agreement signed and verified by Petitioner contained a broad appeal waiver provision which fully set forth that, as a condition of his guilty plea, he was waiving any right to collateral attack of his sentence or the knowing and voluntary nature of his guilty plea. See CR 107-031, doc. no. 22, pp. 4-5 ("The defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a § 2255 proceeding . . . ."). Judge Bowen thoroughly went over Petitioner's plea agreement and specifically questioned Petitioner

---

1362, 1365-67 (N.D. Ga. 2004).

[5]Although the claim in Ground 1C involves an allegation of ineffective assistance of counsel, and the claim in Ground 2A attacks Petitioner's classification as a career criminal, these two claims are related as they both hinge upon the validity of Petitioner's classification as a career criminal.

5

about the terms of the appeal waiver at the Rule 11 colloquy. Rule 11 Tr., pp. 8-10. After Judge Bowen concluded his review of the plea agreement, Petitioner acknowledged that he understood the appeal waiver provision and wished to plead guilty. Id. at 10, 17.

Thus, the record before the Court demonstrates that the appeal waiver was knowing and voluntary. While Petitioner would have the Court ignore his responses to Judge Bowen's questions, "solemn declarations in open court [at a guilty plea hearing] carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Thus, the Court concludes that the appeal waiver is valid and that Petitioner's claims stated in Grounds 1C and 2A described above are barred from review.[6]

Regardless of whether Petitioner's claims set forth in Grounds 1C and 2A are barred by the appeal wavier, the claims lack merit because Petitioner was correctly classified as a career offender. Under the Sentencing Guidelines, a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a)

Here, Petitioner does not dispute that he was over eighteen at the time that he

---

[6]Petitioner also contends that Judge Bowen sentenced him in excess of the statutory maximum because he should not have been sentenced as a career offender. (Doc. no. 11, p. 6.) However, as discussed *infra*, Judge Bowen made no error in classifying Petitioner as a career offender under U.S.S.G. § 4B1.1(a) for the purpose of sentencing. Yet, even if Petitioner had been sentenced in excess of the statutory maximum, the terms of his plea agreement allow only for a direct appeal under such circumstances, and not a collateral attack in a § 2255 motion, as Petitioner is attempting here. CR 107-031, doc. no. 22, pp. 4-5.

committed the offense at issue, or that possession with intent to distribute five grams or more of cocaine base is a controlled substance offense. However, Petitioner does dispute that he had two prior felonies that involved a controlled substance by arguing that his conviction in 1989 is "stale" under U.S.S.G. § 4A1.2(e). (Doc. no. 3, p. 6.)

As set forth in the PSI, under U.S.S.G. § 4A1.2(e), a prior conviction only counts toward career offender status under U.S.S.G. § 4B1.1(a) if: the sentence exceeded one year and one month, and was imposed within fifteen years of commencement of the instant offense; or the sentence exceeded one year and one month, whenever imposed, and resulted in defendant being incarcerated within fifteen years of commencement of the instant offense. (See PSI ¶ 26.) Here, Petitioner commenced the conduct that comprised the instant offense on November 16, 2005. (PSI ¶ 4.) Fifteen years prior to that date was November 16, 1990. Petitioner's 1989 conviction for possession of cocaine with intent to distribute resulted in a sentence that did not expire until December 6, 1991. (PSI ¶ 32.) Therefore, because Petitioner was incarcerated for the 1989 offense within a fifteen year period of commencing the actions of the instant offense, the 1989 offense is not "stale" as Petitioner claims and was correctly used to classify Petitioner as a career offender.

Petitioner's argument that he was improperly classified as a career offender is the crux of his claims asserted in Grounds 1C and 2A. (See generally doc. nos. 3, 11.) Thus, because Petitioner was correctly classified as a career offender, his claims asserted in Grounds 1C and 2A fail on the merits. In sum, even if these claims were not barred by his appeal waiver, they are not a valid basis for relief in a § 2255 proceeding.

Of course, the Court is aware that Petitioner has also challenged the assistance of

counsel in entering into the plea agreement as set forth in Grounds 1A & B- claims which, if found to have merit, would cast doubt on whether Petitioner validly waived his right to collateral attack of his sentence. However, as discussed below, the Court determines that these claims lack merit, thus supporting the conclusion that Petitioner validly waived his right to a collateral post-conviction attack of his sentence.

### 2. Ineffective Assistance Of Counsel Claims Not Barred By Waiver

Notwithstanding the analysis above, Petitioner's claims of ineffective assistance of counsel asserted in Grounds 1A & B are not precluded by his appeal waiver, as "there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement." Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005); see also Vaca-Ortiz, 320 F.Supp.2d at 1365 ("[T]he court notes that a criminal defendant could not waive the right to bring a claim for ineffective assistance of counsel in which he alleges ineffectiveness at the time he was entering the plea or ineffectiveness related to advice he received regarding the waiver."). As it appears that Petitioner is challenging his counsel's performance as it relates to the validity of his plea or waiver (inasmuch as he alleges that his guilty plea is invalid because his counsel did not inform him that he could be sentenced as a career offender and that Petitioner had received a written promise that his prior drug convictions would not be used to enhance his sentence (doc. no. 11, pp. 2-3)), Petitioner's claim is not barred by the provision in the plea agreement waiving his appeal rights.

That having been said, ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1994), which is not a favorable standard to Petitioner. Massaro v. United States, 538 U.S. 500, 505 (2003). First, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In applying this test, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance[.]" Id.; see also Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing "that petitioner was not entitled to error-free representation"). "A petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Second, Petitioner must establish prejudice by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. In the context of a guilty plea, the Court must normally inquire as to whether counsel's performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

In applying the Strickland components outlined above, "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

9

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95). For as the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations omitted).

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion--though the presumption is not insurmountable--is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). As the Eleventh Circuit has succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*). "[C]ases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Id. at 1511.

In Ground 1A, Petitioner argues that his counsel failed to fully inform him regarding the terms of the plea agreement, particularly the fact that Petitioner could be sentenced as a career offender. In Ground 1B, Petitioner claims that he was given a written promise that his prior drug convictions would not be used to enhance his sentence. Petitioner has not pointed to specific language to support his claim of such a written promise; however, the Court interprets Petitioner's claim as referring to the government's obligation in Petitioner's plea

agreement not to seek enhancement of Petitioner's sentence under 21 U.S.C. § 851 by introducing Petitioner's prior convictions. See CR 107-031, doc. no. 22, p. 3. Even so, the government's promise not to introduce prior convictions did not restrain Judge Bowen from taking Petitioner's prior drug convictions into account when determining Petitioner's sentence, as illustrated by a passage in Petitioner's plea agreement which states,

> [T]he defendant understands that the U.S. Probation Office will consider all of defendant's conduct related to the offense to which he is pleading, <u>as well as the defendant's criminal history</u>, and that these facts <u>will be considered by the Court in determining the defendant's sentence.</u> The defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimate or projected by defendant's counsel or the United States Attorney.

Id. at 6 (emphasis added). It is clear that Petitioner was aware of this passage and its meaning because he signed a statement at the end of the plea agreement indicating that he had read the plea agreement in its entirety, understood what it meant, and swore under oath that the plea agreement accurately reflected the representations made to Petitioner by his attorney and government agents. Id. at 10. Additionally, at the Rule 11 colloquy, Judge Bowen summarized the substance of Petitioner's plea agreement and verified that no one had given Petitioner any "guarantee, prediction or prophesy" as to what sentence he would impose. CR 107-031, Rule 11 Tr., p. 10.

Thus, the above-cited evidence demonstrates that Petitioner was fully aware of the terms of his plea agreement prior to entering his guilty plea despite his current claim that his counsel failed to convey those terms to him. Additionally, despite Petitioner's misguided belief that the government's agreement not to seek enhancement of his sentence under 21 U.S.C. § 851 meant that his prior drug convictions would not be used to enhance his

11

sentence, at the Rule 11 colloquy he answered in the negative when asked if anyone had made any "guarantee, prediction or prophesy" as to what sentence Judge Bowen would impose. Thus, Petitioner's belated, self-serving allegations simply do not ring true in the light of the record evidence.

As previously noted, "[s]olemn declarations in open court [at a guilty plea hearing] carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge, 431 U.S. at 74. Furthermore, even if counsel failed to adequately explain the plea agreement to Petitioner, the Court did so, and again, no prejudice inured to Petitioner. In sum, Petitioner has not established that he was prejudiced in any way by his counsel's performance, and he is not entitled to relief on these claims.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss (doc. no. 5) be **GRANTED**, that the instant § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED on this 28th day of January, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE